UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JONATHAN JOHNSON,                                :
                                                 :
                Plaintiff,                     :
                                                 :
       v.                                        :     **MEMORANDUM**
                                                 :     **AND ORDER**
M.A. BARNEY, Prison Guard, ORACZ, Sergeant,      :
FRANK J. TRACY, Superintendent,                  :     04 Civ. 10204 (LBS)
SCULLIVAN, Captain, SERGIO REYES,                :
JOSEPH PALERMO, MICHAEL LAVENDER,                :
and DAVID LAWRENCE,                              :
                                                 :
                Defendants.                   :
------------------------------------------------------------------x

SAND, J.,

      Plaintiff has moved for reconsideration of this Court's Memorandum and Order dated August 30, 2007 granting summary judgment on plaintiff's claims against defendant Frank J. Tracy.  See Johnson v. Barney, 04 Civ. 10204, 2007 U.S. Dist. LEXIS 64814 (S.D.N.Y. August 30, 2007).  Plaintiff makes two arguments in support of his motion.  First, he argues that the failure to exhaust administrative remedies was not asserted in defendants' answer and is improperly raised on summary judgment.  Second, he argues that the Court has overlooked evidence which would demonstrate that he did, in fact, exhaust his administrative remedies.  For the reasons stated below, plaintiff's argument fails on both grounds.

      A motion for reconsideration "allows a party to direct the court to an argument the party has previously raised but the court has overlooked."  Perez v. N.Y. Presbyterian Hosp., 05 Civ. 5749, 2006 U.S. Dist. LEXIS 27318, *2 (S.D.N.Y. April 14, 2006).  It is appropriate only where the movant demonstrates that "the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion,

and which, had they been considered, might have reasonably altered the result before the court." Nakano v. Jamie Sadock, Inc., 98 Civ. 0515, 2000 U.S. Dist. LEXIS 10158, *4 (S.D.N.Y. July 20, 2000) (quoting Yurman Design Inc. v. Chaindom Enter., Inc., No. 99 Civ. 9307, 2000 U.S. Dist. LEXIS 1747, *1 (S.D.N.Y. Feb. 22, 2000). Motions for reconsideration "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Road Music, Inc., v. Music Sales Corp., 90 F. Supp. 2d 390, 391-2 (S.D.N.Y. 2000).

Plaintiff first argues that defendants "failed to raise in their answer an affirmative defense of failure to exhaust," and instead raised the argument for the first time on summary judgment. See Plaintiff's correspondence to the Court dated Sept. 4, 2007. However, plaintiff is incorrect. Defendants' tenth affirmative defense, listed in their Answer, is that plaintiff's claims may be barred "by the Prison Litigation Reform Act for failure to exhaust administrative remedies." See Defs.' Answer at 3.

Second, plaintiff attempts to argue again that he complied with the requisite administrative remedies.[1] However, the Court considered this issue in the summary judgment motion, and ruled that Plaintiffs had not. Johnson v. Barney, 2007 U.S. Dist. LEXIS 64814 at *4-5 ("Although Plaintiff did file a grievance based on the alleged physical assault, he never grieved the issue of the preservation of the videotapes or of Tracy's conduct… Plaintiff's complaints about the videotapes at his disciplinary hearing

---

[1] Plaintiff's motion also points to three bates-stamped documents which he claims demonstrate that "the plaintiff's had properly responded to the defendant's Tracy's contentions that, the plaintiff's had exhausted his administrative remedies, to have the video-tapes footage preserved." These documents are not before the court and thus cannot be considered on this motion. However, the Court notes that if these documents relate to defendant's requests for the videotapes during his disciplinary hearing, this argument was already considered in the prior opinion, and does not alter the outcome of defendant Tracy's summary judgment motion. See Johnson v. Barney, 2007 U.S. Dist. LEXIS 64814 at *5.

cannot substitute for the filing of a grievance concerning Tracy's conduct, nor can Plaintiff's single letter requesting the preservation of those tapes.").

For the reasons stated above, plaintiff's motion for reconsideration is DENIED. Plaintiff should direct any questions to the Pro Se Office at (212) 637-0175.

SO ORDERED.

Dated:     New York, New York

           October 9, 2007

                                          _____
                                                      U.S.D.J.